**Laura Ann MORRIS, Plaintiff,**

v.

**ADAMS–MILLIS CORPORATION, Defendant-Appellee,**

**Michael T. Braswell, Attorney for Plaintiff, Appellant.**

**No. 82–1025.**

United States Court of Appeals, Tenth Circuit.

April 1, 1985.

Michael T. Braswell, Oklahoma City, Okl., for appellant.

Peter T. Van Dyke of Lytle Soule, Curlee, Harrington, Chandler & Van Dyke, Oklahoma City, Okl., for defendant-appellee.

Before HOLLOWAY, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

HOLLOWAY, Chief Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The

cause is therefore ordered submitted without oral argument.

## I

This is an appeal from the trial court's order denying a motion under Fed.R.Civ.P. 60(b) for relief from an earlier order which had assessed defendant's costs including attorneys' fees against plaintiff's counsel (Michael T. Braswell) personally. The court found that Mr. Braswell had acted in bad faith during the litigation. The sole issue which we must decide is whether the trial court abused its discretion in refusing to set aside its earlier order taxing costs including attorneys' fees against Mr. Braswell. We find no abuse of discretion and affirm.

### A. Antecedent Litigation

Appellant Braswell represented Laura Ann Morris in an action under Title VII, 42 U.S.C. § 1981, and for age discrimination. Ms. Morris is a Black woman who worked for Adams-Millis as a supervisor or assistant supervisor in its factory. She claimed that her civil rights were violated when defendant fired her after seven and one-half years of employment and replaced her with a white person. Brief of Appellant 1–2.

The Equal Employment Opportunity Commission (EEOC) issued a right to sue letter after determining that "[e]xamination of the evidence indicates that there is not reasonable cause to believe that [Ms. Morris' charge of racial discrimination is] true." Brief of Appellant, Attachment D. Ms. Morris still wanted to pursue her

claim, and after a request by her, the EEOC referred Ms. Morris to Mr. Braswell.

Mr. Braswell filed a complaint in January 1980 against Adams-Millis Corporation, alleging that Ms. Morris was removed from employment with Adams-Millis "for reasons based solely upon her race and age." I R. 2.[1] Discovery followed. Plaintiff submitted interrogatories that defendant maintains were "form book" interrogatories. Brief of Appellee 2. Defendant says that it responded to some of plaintiff's inquiries, objected to others, and "gave partial responses for others based on its assessment of what was relevant." Brief of Appellee 2. There is no indication in the record that plaintiff sought any further discovery. Defendant also submitted interrogatories to plaintiff, and plaintiff answered all but one interrogatory. I R. 58–64.[2]

Defendant wanted to take the deposition of James H. Colling who was the Employee Relations Manager of Adams-Millis during plaintiff's employment there. II R. 4. The deposition was taken in Texas. Mr. Braswell did not attend, and plaintiff was not represented at the deposition. Whether Mr. Braswell advised defendant that he would not be present is unclear. Mr. Braswell states in his brief that he "notified defendant's counsel that [he] would go to Texas for the deposition." Brief of Appellant 4. However, at the beginning of Mr. Colling's deposition, defendant's counsel stated that he had a discussion with Mr. Braswell during which Mr. Braswell indicated that he would not be present at the deposition. II R. 3–4.[3]

---

1. The trial court struck the § 1981 claim as untimely and also dismissed the age discrimination claim because it was without legal basis. I R. 165; I R. 24. In addition, the court struck plaintiff's demand for a jury trial and punitive damages because neither was cognizable under 42 U.S.C. §§ 2000e *et seq.* I R. 24–25.

2. Plaintiff's answer to one question was not responsive. Interrogatory No. 18, asked:

   Did the Equal Employment Opportunity Commission ("EEOC") issue a Determination dated November 5, 1979 finding that there was no reasonable cause to believe that plaintiff's allegation of illegal discrimination was true? If "yes", state, in detail, the facts plaintiff will

   present to support her claim that notwithstanding the EEOC Determination her termination was the result of illegal discrimination. I R. 51.

   To this question, plaintiff responded "[t]he interrogatory is too vague to answer and the party should request specific information in his interrogatory." I R. 62.

3. In the trial court's order of October 2, 1981 taxing costs including attorneys' fees against Mr. Braswell, the court took defendant's factual allegations as true because they were unopposed, and the court made the following findings relating to Mr. Braswell's absence at the

In April of 1981, defendant moved for summary judgment. On May 5 the district court entered an order directing movant to file a supplemental memorandum within ten days. I R. 140. The order gave parties opposing the motion 20 days from the date on which the supplemental memorandum was filed to file a memorandum in opposition. I R. 140.

On July 17, 1981 the trial court granted defendant's motion for summary judgment. I R. 147. The court reasoned that defendant had supported its motion with affidavits and other materials to establish that there was no genuine issue of material fact. Conversely, plaintiff's counsel, Mr. Braswell, had failed to respond in opposition to the motion for summary judgment; nor had he requested a continuance for the purpose of obtaining supporting affidavits. The court believed that there was no issue of material fact, and in addition that defendant had conclusively established that it was entitled to judgment in its favor as a matter of law. I R. 147. No issue is directly before us concerning the summary judgment as we explain below.

### B. Attorneys' Fees

Following entry of the summary judgment, defendant submitted a bill of costs totalling $125.00. Mr. Braswell objected to the bill of costs, apparently taking the position that defendant was not entitled to them because the court in its summary judgment order did not state that it was awarding costs to defendant. I R. 152. Defendant later moved "for the allowance of reasonable attorneys' fees to be taxed as costs against plaintiff, and further that attorneys' fees and costs be taxed against Michael T. Braswell." I R. 153.

On August 27, 1981 the trial court entered an order directing plaintiff and her attorney to respond within ten days to defendant's motion to tax attorneys' fees. I R. 163. Plaintiff and her attorney failed to respond to the motion. On October 25, the trial court entered an order taxing defendant's costs including attorneys' fees against Mr. Braswell.

The trial court found that Mr. Braswell "failed to present any opposition to either the defendant's Motion for Summary Judgment or the motion [to tax attorneys' fees]." I R. 167. Defendant's factual assertions in its motion to tax attorneys' fees were taken as true because plaintiff did not dispute or challenge them. Moreover, the court believed that defendant's summary judgment motion "clearly established" that plaintiff's action was commenced "without sufficient grounds" to support the claim.

As to Mr. Braswell's conduct throughout the litigation, the court noted that the facts recited by defendant indicated that Mr. Braswell failed to represent properly plaintiff's interests at the Colling deposition. The district court found that Mr. Braswell had "conducted himself in bad faith by commencing this action without sufficient legal basis, continuing to prosecute the action when it became clear that no such grounds for prosecution would develop, and essentially abandoning his client's cause when it became clear to him that the defendant would not respond with a nuisance value settlement of sufficient magnitude to justify his further involvement." I R. 167. On the basis of these findings and 28 U.S.C. § 1927, the court concluded that defendant's attorneys' fees in the amount of $4,700 were to be taxed as costs, and that all of defendant's costs were to be assessed against plaintiff's counsel personally. I R. 167.

In December 1981, some two months after the entry of the order granting defendant's motion for attorneys' fees, Mr. Braswell filed a motion pursuant to Fed.R. Civ.P. 60(b) for relief from that order. I R. 169. The district court denied the motion on December 21, 1981. I R. 194. The court reasoned that its action in assessing costs and attorneys' fees against Mr. Braswell personally was not "undertaken light-

Colling deposition. Defendant originally suggested September 23, 1980 as the deposition date, but because Mr. Braswell advised counsel that he had a conflict, the deposition was postponed until October 16, 1980. The court also found that notice of the deposition was served on Mr. Braswell on or about October 7, 1980, and notwithstanding this Mr. Braswell failed to appear at the deposition; and plaintiff was not represented. I R. 165.

ly," but only after a finding of bad faith and Mr. Braswell's failure to respond to the motion for attorneys' fees when he had been directed to so respond. I R. 194–95.

On appeal, appellant's arguments are that the district court erred in assessing the costs and attorneys' fee against him personally, that the order sets an unsound precedent, that it is not supported by the authorities and should be reversed. At one point in his brief, counsel in effect asserts that the district court's decision would require that counsel for plaintiff accept a settlement offer tendered by a defendant, although the final decision rests with the client. Brief of Appellant 5. Mr. Braswell also argues that to permit this order to stand would be a signal to the public that discrimination suits are not viewed favorably and that any attorney who handles such cases should be concerned. Brief of Appellant 6–7. Finally, Mr. Braswell contends that 28 U.S.C. § 1927, cited by the district court, did not give that court the authority to tax attorneys' fees against counsel personally. Brief of Appellant 9, 7.[4]

## II

### Analysis

■ From the arguments outlined above, it appears that Mr. Braswell is at-

tempting to appeal the merits of the district court's October 2, 1981 order assessing defendant's costs, including attorneys' fees, against him personally. However, no notice of appeal from that order was filed. A timely notice of appeal is mandatory and jurisdictional. *See, e.g., Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Averitt v. Southland Motor Inn of Oklahoma,* 720 F.2d 1178, 1180 (10th Cir.1983); *Gooch v. Skelly Oil Co.,* 493 F.2d 366, 368 (10th Cir.), *cert. denied,* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974). The only notice of appeal which is before us states that the appeal is taken from the December 21, 1981 order which denied the Rule 60(b) motion. I R. 197.[5]

The Rule 60(b) motion filed in the district court referred only to Rule 60(b) generally. I R. 169. In his brief on appeal Mr. Braswell does not discuss Rule 60(b). As noted, he argues essentially that the district court's order assessing costs including attorneys' fees was in error. The most favorable consideration which can be given to the appellant's arguments is to treat them as made under Rule 60(b)(1) or 60(b)(6).[6]

■ Rule 60(b)(1) permits a court to relieve a party of a judgment or final order

---

**4.** For example Mr. Braswell states that:
"Excess costs which may be assessed under 28 U.S.C.S. § 1927 are limited to those costs enumerated in 29 U.S.C.S. § 1920. *Roadway Express, Inc. v. Piper* (1980, U.S.) [447 U.S. 752] 65 L.Ed.2d 488, 100 S.Ct. 2455"
Brief of Appellant 8. Mr. Braswell also cites a number of other cases consistent with the above statement. However, as we point out, *infra,* note 7, this was not the law at the time the trial court taxed attorneys' fees against Mr. Braswell.

**5.** Mr. Braswell's notice of appeal states:
Notice is given that Michael T. Braswell the attorney for the plaintiff, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the final order granting judgment against the attorney for the plaintiff to the defendant in this action on 21 December 1981.
I R. 197.
Mr. Braswell cannot appeal the October 2, 1981 order which assessed cost including attorneys' fees against him because the time for

filing such an appeal has expired. Rule 4(a), Fed.R.App.P., provides that an appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Mr. Braswell's notice of appeal was filed on December 31, 1981, almost three months after the October 2, 1981 order. While the notice of appeal states that the appeal is "from the final order granting judgment against the attorney for the plaintiff to the defendant," it also says the order was entered on December 21, 1981. That was the date of the order denying the 60(b) motion, and the notice could only be timely as to that 60(b) order. Without a timely notice of appeal therefrom, we are without jurisdiction to review the October 2, 1981 order which assessed costs including attorneys' fees against Mr. Braswell. *See generally* 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure* § 3950, at 361 (1977).

**6.** Rule 60(b) provides:
(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence;**

for "mistake, inadvertence, surprise, or excusable neglect." However, a 60(b) motion cannot be used as a substitute for appeal. *See, e.g., Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983); *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir. 1979). "A timely appeal may be taken under Fed.Rule App.Proc. 4(a) from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *see also Otoe County National Bank v. W & P Trucking, Inc.,* 754 F.2d 881, 883, 884 (10th Cir.1985) (Rule 60(b)(1) motions reviewed for abuse of discretion);

> **Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
> Fed.R.Civ.P. 60(b).

7. The district court in its original October 2, 1981 order did cite 28 U.S.C. § 1927 as a basis for assessing costs including attorneys' fees against Mr. Braswell. We note in passing that the cases which Mr. Braswell cites to support his argument that attorneys' fees cannot be awarded against counsel under § 1927, *e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 757–63, 100 S.Ct. 2455, 2459–63, 65 L.Ed.2d 488 (1980), are no longer the law and were not the law at the time the trial court assessed attorneys' fees against Mr. Braswell personally. It is true that on June 23, 1980 the Supreme Court held that under § 1927 costs that could be assessed against counsel did not include attorneys' fees. *Roadway,* 447 U.S. at 757–63, 100 S.Ct. at 2459–63. Our court followed this rule in *Glass v. Pfeffer,* 657 F.2d 252, 257 (10th Cir.1981). However, as we recognized in *Pfeffer,* 657 F.2d

*V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 223–24 (10th Cir.1979) (unless trial court was powerless to render judgment in first instance, an appeal from denial of a 60(b) motion raises only the order itself for review and not the underlying judgment, and scope of review is limited to determining whether denial amounted to abuse of discretion).

■ We find no abuse of discretion in the trial court's denial of Mr. Braswell's Rule 60(b) motion. All of Mr. Braswell's arguments on appeal taken together amount essentially to the same thing—the trial court erred in its October 2, 1981 order assessing costs including attorneys' fees against Mr. Braswell personally. Even if the court had made a legal error in awarding attorneys' fees, this would not necessarily be a basis for 60(b) relief.[7]

at 257 n. 4, on September 12, 1980, almost three months after the Supreme Court decided *Roadway,* Congress amended § 1927. *See* The Antitrust Procedural Improvements Act of 1980, Pub.L. No. 96–349, § 3, 94 Stat. 1154, 1156 (Sept. 12, 1980).

Congress amended § 1927 to expressly provide that any attorney who so multiplies proceedings "unreasonably and vexatiously may be required by the court *to satisfy personally* the excess costs, expenses, and *attorneys' fees* reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). Indeed the legislative history makes clear that the September 12, 1980 amendment was intended to "expand[ ] the category of expenses the judge might require an attorney to satisfy personally to include '... attorneys' fees.'" Joint Explanatory Statement of the Committee of Conference, 96th Cong., 2d Sess. 8, *reprinted in* 1980 *U.S.Code Cong. & Ad.News* 2781, 2782; *see also Lewis v. Brown & Root, Inc.,* 711 F.2d 1287, 1289, 1292 (5th Cir.1983) (upholding award of attorneys' fees under § 1927 against plaintiff and his attorney jointly and severally), *cert. denied,* —— U.S. ——, 104 S.Ct. 975, 79 L.Ed.2d 213 (1984), *modified,* 722 F.2d 209 (per curiam) (remanding for trial court to determine whether attorneys' fees for entire proceeding or just a portion of it should be awarded), *cert. denied,* —— U.S. ——, 104 S.Ct. 2690, 81 L.Ed.2d 884 (1984).

The amended version of § 1927 was in force at the time that the district court entered its order assessing costs and attorneys' fees against Mr. Braswell on October 2, 1981, I R. 164, almost a year after Congress amended the statute. However, we do note that Mr. Braswell filed this action approximately nine months be-

Even if we believed that the trial court had made a legal error, we have found no authority that would entitle Mr. Braswell to relief when he has failed to appeal the original order, and the time for appealing it has run. On the contrary, the weight of authority indicates that in such circumstances he is not entitled to relief.

■ It is true that we have recognized that in some instances relief has been granted under 60(b)(1) on a theory of mistake of law. *See Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1067 (10th Cir.1980); *see also Rocky Mountain Tool & Machine Co. v. Tecon Corp.*, 371 F.2d 589, 597 (10th Cir.1966). However, we are of the view that a mistake of law cannot be reached under 60(b)(1) where no notice of appeal was timely filed from the order in which the mistake is alleged to have occurred, and the time for filing such a notice of appeal had expired

when the 60(b) motion was filed. A contrary rule would permit a 60(b) motion to serve as an appeal, which would be untimely otherwise.

The Second and Ninth Circuits have held that a Rule 60(b)(1) motion cannot be used to correct a mistake of a substantive legal nature after the time for appeal has lapsed. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir.1966); *accord* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858, at 178–79 (1973) (when district court's error involves a fundamental misconception of law and 60(b)(1) motion is not made until after time for taking appeal has expired, courts deny relief except in one case that should be regarded as erratic). *But cf. Elias v. Ford Motor Co.*, 734 F.2d 463, 467

fore September 12, 1980 when Congress amended § 1927, I R. 1, and it was the filing of a groundless action which the district court set out as one basis for its award of costs including attorneys' fees. In addition, some of the other conduct at issue occurred before September 12, 1980. This arguably could present a question as to whether the statute should be applied retrospectively. *See, e.g., Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621, 11 L.Ed.2d 576 (1964) (first rule of construction is that legislation must be considered as addressed to the future, not to the past and legislation will not be given retrospective operation if it would interfere with antecedent rights unless such is the unequivocal and inflexible import of the terms, and the manifest intention of legislature). However, Mr. Braswell has not made this argument. In any event, we believe that in the circumstances of this case the district court had the inherent power to tax costs including attorneys' fees against Mr. Braswell personally for actions occurring before the amendment of § 1927.

It is well established that courts have the inherent power to impose a variety of sanctions on both litigants and attorneys to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway v. Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–65, 65 L.Ed.2d 488 (1980); *Betz v. United States*, 753 F.2d 834, 835 (10th Cir.1985) (per curiam); *Clark v. Commissioner*, 744 F.2d 1447 (10th Cir.1984) (per curiam); *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir.1984) (per curiam). In *Roadway* the Court held that, apart from § 1927, federal courts

have the inherent power to award attorneys' fees against counsel personally when the court has found that the attorney acted in bad faith. 447 U.S. at 765–67, 100 S.Ct. at 2463–65. The Court in *Roadway* did not uphold the trial court's award of attorneys' fees; rather the Court remanded because the trial court did not make a specific finding as to whether counsel's conduct "constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers." *Id.* at 767, 100 S.Ct. at 2465.

In the case at bar, the district court found that Mr. Braswell acted in bad faith. I R. 167. The district court refused to set aside under Rule 60(b) its October 2, 1981 order assessing costs including attorneys' fees, and in doing so referred to the inherent power it had to make such an award. I R. 195. Therefore, even if it were error for the district court to award attorneys' fees against Mr. Braswell under § 1927, for conduct which preceded § 1927's amendment, and such an error could be corrected somehow under Rule 60(b), we would nevertheless be constrained to uphold the award because it was proper under the district court's inherent powers. *Cf. In re Baker*, 744 F.2d 1438, 1441–42 (10th Cir.1984) (en banc) (upholding sanction against counsel, and in doing so examining whether there was abuse of discretion in light not only of court's historic powers, but in light of amendments to Fed.R.Civ.P. 16 which occurred shortly after sanctions were imposed). While such powers "must be exercised with restraint and discretion," *Roadway*, 447 U.S. at 764, 100 S.Ct. at 2463, we are persuaded that the record supports the district court's ruling here.

(1st Cir.1984) (errors of law cannot be corrected with a Rule 60(b)(1) motion); *Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d 758, 760 (1st Cir.1976) (same). The Fifth and Eleventh Circuits take a view somewhat different from that of the Second and Ninth Circuits. The Fifth and Eleventh Circuits permit the grant of a 60(b)(1) motion after the time for appeal has run, but in these cases the trial court had not necessarily made a legal error; rather there had been a post-decisional change in the law after the time for appeal had expired. *See Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930–32 (5th Cir.1976); *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir.1982) (per curiam). Moreover, even though the Eleventh Circuit would appear to permit relief in such circumstances, relief is unavailable if a timely appeal from the original judgment has not been filed. *See Parks*, 677 F.2d at 840–41.

■ Here, no notice of appeal was filed challenging the order awarding costs including attorneys' fees. The time for filing a notice of appeal from this award expired before the filing of the 60(b) motion. We therefore hold that even if the trial court had made an error of law, Mr. Braswell could not have it corrected by way of a 60(b)(1) motion filed after the time for an appeal had expired without the filing of any timely notice of appeal.

■ Appellant's motion and appeal might also be viewed as grounded on the general residual provision for relief of Rule 60(b)(6) ("any other reason justifying relief"). Motions under Rule 60(b)(6) are also reviewed for an abuse of discretion. *See, e.g., Zimmerman v. Quinn*, 744 F.2d 81, 83 (10th Cir.1984). Our court has said that Rule 60(b)(6) is a " 'grand reservoir of equitable power to do justice in a particular

case.' ... [It] 'should be liberally construed when substantial justice will thus be served.' " *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc) (quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963)), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). In *Cook* we approved of granting relief under Rule 60(b)(6) when there has been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs [who now bring the Rule 60(b)(6) motion] were injured." *Cook*, 518 F.2d at 723. However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief. *See Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir.1958). Similarly in *Security Mutual Casualty Co. v. Century Casualty Co.*, although the district court had misread the appellate opinions in earlier related mandamus proceedings, we held that 60(b)(6) relief was unavailable. 621 F.2d at 1067–68. We reasoned that the parties were aware of the breadth of the district court's order and that there was no unusual change of circumstances calling for equitable relief. *Id.* at 1068.

■ Here, the appellant has not demonstrated any unusual circumstances that would entitle him to relief under 60(b)(6). We cannot say that the district court abused its discretion under 60(b)(6) in denying the motion.

In sum, we are not persuaded that Mr. Braswell is entitled to relief under either 60(b)(1) or 60(b)(6). He never filed a notice of appeal from the trial court's order taxing defendant's costs including attorneys' fees against him. The time for appealing this order had run.[8] There has been no

---

8. As noted, the order which assessed costs including attorneys' fees against Mr. Braswell was entered on October 2, 1981. I R. 164. Under Rule 4(a), Fed.R.App.P., he had 30 days to file his notice of appeal. Mr. Braswell filed his notice of appeal on December 31, 1981, I R. 197, almost three months after the court's October 2, 1981 order.

We note in passing that Mr. Braswell filed his Rule 60(b) motion on December 1, 1981. I R. 169. This was well after the 30 day period for filing his notice of appeal had run, and in any event such motions do not toll the time for filing a notice of appeal. *E.g., Barta v. Long*, 670 F.2d 907, 909 (10th Cir.1982).

**1360**

post-judgment change in the law. Therefore, Mr. Braswell does not have even a colorable claim that he is entitled to relief under Rule 60(b)(1) or 60(b)(6). We must hold that the trial court did not abuse its discretion in denying Mr. Braswell's 60(b) motion. Accordingly, the order is

AFFIRMED.