**UNITED STATES of America, Plaintiff/Appellee,**

v.

**31.63 ACRES OF LAND, More or Less, Situate in Oklahoma County, State of Oklahoma; C.M. Faris, Administrator of Clarence R. Faris, a/k/a Clarence Ray Faris, a/k/a Clarence Ray Farris, Deceased; Mary Nekvapil, a/k/a Mary Nekvipil; William C. Peddicord; Thomas I. Baker; Carol B. Cardenas; Jerry W. Baker; Marguerite Baker; Henry Nekvapil; Ira W. Baker Estate; Heirs of Ira W. Baker; County Treasurer & Board of County Commissioners, Oklahoma County; Southwest Title & Trust Company, Trustee; Richard Ledbetter, a/k/a Richard K. Ledbetter; James E. Jordan; and James Gregory, Defendants,**

**Tinker Area Investors, Defendant/Appellant.**

**No. 85–1640.**

United States Court of Appeals, Tenth Circuit.

Feb. 26, 1988.

Thomas E. Hookano, Acting Asst. Atty. Gen., William S. Price, U.S. Atty., and John E. Green, Asst. U.S. Atty., Oklahoma City, Okl., Robert L. Klarquist and Jacques B. Gelin, Dept. of Justice, Washington, D.C., for plaintiff/appellee U.S.

LeRoy Powers and Charles D. Crandall, Oklahoma City, Okl., for defendant/appellant Tinker Area Investors.

Before McKAY, LOGAN and ANDERSON, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

This is an appeal from the district court's order denying defendant landowner's motion for relief under Fed.R.Civ.P. 60(b) from an earlier order that denied a request

for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The sole issue on appeal is whether the district court abused its discretion in denying relief. We find no abuse of discretion and affirm.[1]

On April 28, 1982 the United States initiated a condemnation action to acquire fee title to a 31.63 acre tract owned by Tinker Area Investors ("Tinker"). In 1983, the district court referred the trial to a commission appointed pursuant to Fed.R.Civ.P. 71. The commission awarded Tinker $664,230.00, or $21,000.00 per acre. On May 17, 1984 the district court confirmed the award and entered judgment. Because Tinker was awarded more than the government's deposit, it then filed an application for attorney's fees and expenses under the EAJA. On November 27, 1984, the district court entered an order denying that application. Tinker did not appeal that order, but on December 21, 1984 filed a motion under Fed.R.Civ.P. 60(b)(6)[2] asking the district court to set aside the order denying attorney's fees. Tinker argued that the evidence did not support the court's finding that the government's position was "substantially justified."[3] On January 30, 1985 the district court denied Tinker's motion for relief. Tinker filed a timely notice of appeal from the January 30 order of the district court.

A district court ruling on a motion under Rule 60(b) will not be overturned absent an abuse of discretion. *Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1357 (10th Cir. 1985). Moreover, a motion under Rule 60(b) cannot be used as a substitute for appeal. *Id.* When a party appeals from an order denying a Rule 60(b) motion, the appeal "does not bring up the underlying judgment for review." *Id.* (quoting *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978)); *see also V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979).

In order to obtain relief under Rule 60(b)(6) the appellant must show the existence of unusual circumstances that justify the extraordinary relief requested. *Morris*, 758 F.2d at 1359. *See also Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986) ("relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust"), *cert. denied*, —— U.S. ——, 107 S.Ct. 2482, 96 L.Ed.2d 374 (1987); *Pierce v. Cook & Co. Inc.*, 518 F.2d 720, 723 (10th Cir.1975) (relief under 60(b)(6) requires "extraordinary situation"), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). Here, Tinker makes no attempt to identify a basis for relief, but merely argues the merits of the underlying judgment. In his motion to the district court and on appeal, Tinker argues only that the district court incorrectly concluded that the government's position was "substantially justified."[4]

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

2. Rule 60(b) provides in part:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

3. In denying the fee award, the district court found that Tinker was a prevailing party, but that the government's position was substantially justified. Under the terms of the EAJA, a pre-

vailing party against the government is entitled to attorney's fees "unless the court finds the position of the United States was substantially justified." 28 U.S.C. 2412(d)(1)(A). *See United States v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480 (10th Cir.1987).

4. Tinker's motion to the district court relied explicitly on Rule 60(b)(6). R.Vol. I at 189. We decline to recast his motion under Rule 60(b)(1) to allege a legal mistake by the district court. In these circumstances, that approach would also be unsuccessful. If Tinker were seeking relief by alleging that the district court made such a mistake, that claim should have been raised on appeal from the judgment or by a motion to amend under Rule 59(e). *See United States v. 329.73 Acres of Land*, 695 F.2d 922, 925 (5th Cir.1983). In this regard, Tinker's claim is distinguishable from other cases where courts

Even if the district court's construction of the EAJA requirements was clearly wrong, Tinker would not be entitled to relief under Rule 60(b)(6). Tinker's claim here is indistinguishable from other decisions where Rule 60(b) was held to be an inappropriate vehicle for challenging substantive decisions on questions of attorney's fees. *See Gary W. v. Louisiana*, 622 F.2d 804, 805 (5th Cir.1980) ("even if the trial court applied an incorrect legal standard when assessing attorney's fees, the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion"), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981); *O'Grady v. Secretary of United States Dep't of Health and Human Servs.*, 661 F.Supp. 1030, 1034 (E.D.N.Y.1987) ("Purported deficiencies in the amount of and procedures for attorneys fee awards clearly do not constitute a circumstance or hardship that cries out for the unusual remedy of the reopening of a final judgment under Rule 60(b)(6)."). Tinker is simply attempting to use Rule 60(b) as a substitute for a timely appeal on the merits and that is not permitted.

Finding no abuse of discretion in the district court's decision, we AFFIRM.

of appeals have considered alleged mistakes of law under Rule 60(b)(1). *See Morris*, 758 F.2d at 1359; *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir.1976).