36 F.3d 1106
 128 Lab.Cas. P 33,142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jamie A. VESS, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Sheila E. Widnall, Secretary;
United States of America, Defendants-Appellees.
 Nos. 94-2020, CIVIL-92-1305-JC.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District
 
 
 2
 ORDER AND JUDGMENT[1] Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff-appellant Jamie A. Vess asks us to reverse the district court's order which refused to reconsider or reopen her case pursuant to Fed.R.Civ.P. 60(b)(5). Finding no abuse of discretion in the district court's action, we affirm.
 
 
 5
 In the underlying suit, plaintiff brought allegations of gender discrimination and retaliation in violation of Title VII, 42 U.S.C.2000e-16, and the Equal Pay Act, 29 U.S.C. 206(d). Because plaintiff had failed to seek EEO counseling within the required time limits and was also late in filing her Equal Pay Act claim, the district court dismissed plaintiff's case. Plaintiff then filed a motion to reconsider or reopen the case pursuant to Rules 59(e) and 60(b)(5) of the Federal Rules of Civil Procedure. The district court's denial of that motion is the subject of this appeal.
 
 
 6
 Plaintiff does not take issue with the district court's conclusion that relief under Rule 59(e) was barred because the motion was untimely. She does, however, argue that the district court abused its discretion in denying her relief under Rule 60(b) because principles of equity should have applied to toll the time period for contacting an EEO counselor. We find no abuse of discretion in the district court's action.
 
 
 7
 "We will reverse the district court's determination [to deny a Rule 60(b) motion for relief from judgment] 'only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong.' " Johnston v. Cigna Corp., 14 F.3d 486, 497 (10th Cir.1993)(quoting Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir.1990)), petition for cert. filed, 62 U.S.L.W. 3757 (U.S. May 2, 1994)(No. 93-1723). The district court correctly noted that the reasons advanced by plaintiff to justify relief under Rule 60(b)(5) are irrelevant under that Rule. See Dowell ex rel. Dowell v. Board of Educ., 8 F.3d 1501, 1509 (10th Cir.1993)(observing that subsection (b)(5) requires challenged district court order to have prospective effect). We further agree with the district court that no other subsection of Rule 60(b) provides a basis upon which to reconsider this case.
 
 
 8
 Specifically, we reject plaintiff's contention that she has come forth with newly discovered evidence for purposes of Rule 60(b)(2). There is no evidence that the affidavits submitted with her motion to reconsider could not have been acquired earlier had plaintiff been properly diligent. See Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1375 (10th Cir.1982). Nor does this case represent the extraordinary situation appropriate for equitable relief under Rule 60(b)(6). See Pelican Prod., 893 F.2d at 1147. Plaintiff's failure to make her equity argument to the district court, or at least to move to alter or amend the judgment in a timely manner, are not grounds for reconsideration under Rule 60(b). Cf. United States v. 31.63 Acres of Land, 840 F.2d 760, 762 (10th Cir.1988)(rejecting attempt to use Rule 60(b) as a substitute for appeal on the merits).
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470