FILED
United States Court of Appeals
Tenth Circuit

December 15, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH EUGENE BARRETT,

Plaintiff-Appellant,

v.

JOHNNY PHILPOT, Sheriff of
Sequoyah County, Oklahoma;
TRAVIS GABBERT, Deputy/Jailor;
JOHN BUDDY HAMILTON,
Supervising/Commanding Officer
Tactical Team, Oklahoma Highway
Patrol, Troop C; MICHAEL
HENDRICKS, Deputy/Jailor; SHANE
MCHALE, Deputy/Jailor; GARY
PHILPOT, Chief of Police, City of
Sallisaw, Oklahoma; SEQUOYAH
COUNTY JAIL, Sequoyah County
Oklahoma, and JOHN DOE #1,
Oklahoma Highway Patrol Officer,
Oklahoma Highway Patrol, Troop C,

Defendants-Appellees.

No. 09-7008
(D.C. No. 6:05-CV-00329-FHS-SPS)
(E.D. Okla.)

---

**ORDER**

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

This matter is before the court on appellant's petition for rehearing and

rehearing en banc. Upon consideration, the petition for rehearing is granted in

part, and we issue an amended order and judgment to reflect two modifications

made to our original order and judgment filed on November 2, 2009.   In all other respects, the petition for rehearing is denied.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service.  As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is denied.

The November 2, 2009, order and judgment is withdrawn and a copy of the panel's amended order and judgment is attached to this order.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-2-

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH EUGENE BARRETT,

Plaintiff-Appellant,

v.

JOHNNY PHILPOT, Sheriff of
Sequoyah County, Oklahoma;
TRAVIS GABBERT, Deputy/Jailor;
JOHN BUDDY HAMILTON,
Supervising/Commanding Officer
Tactical Team, Oklahoma Highway
Patrol, Troop C; MICHAEL
HENDRICKS, Deputy/Jailor; SHANE
MCHALE, Deputy/Jailor; GARY
PHILPOT, Chief of Police, City of
Sallisaw, Oklahoma; SEQUOYAH
COUNTY JAIL, Sequoyah County
Oklahoma, and JOHN DOE #1,
Oklahoma Highway Patrol Officer,
Oklahoma Highway Patrol, Troop C,

Defendants-Appellees.

No. 09-7008
(D.C. No. 6:05-CV-00329-FHS-SPS)
(E.D. Okla.)

---

**AMENDED**
**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Kenneth Eugene Barrett, a federal prisoner appearing pro se and in forma pauperis, appeals from the district court's entry of judgment in favor of defendants in his civil rights suit filed under 42 U.S.C. § 1983. We reverse and remand with respect to defendants Gary Philpot and Michael Hendricks. In all other respects, we affirm.

I.

Mr. Barrett was arrested at his residence in the early morning hours of September 24, 1999, after he initiated a gun battle with state and federal law enforcement officers attempting to execute a no-knock search warrant issued by the District Court of Sequoyah County, Oklahoma. Mr. Barrett was shot several times by officers. He fired nineteen shots at them, hitting Oklahoma Highway Patrol Officer John Hamilton, who survived, and killing Oklahoma Highway Patrol Officer Rocky Eales. Mr. Barrett was subsequently convicted on both state and federal charges related to the shootings.

---

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Barrett is currently a federal prisoner housed in USP-Terre Haute, Indiana, but he was tried on the Oklahoma state charges first and was housed in Oklahoma jails until the end of February 2006. After he initially was given medical treatment for his gunshot wounds at a hospital, he was held at the Sallisaw City Jail until after his arraignment on September 29, 1999. He was then transported to the old Sequoyah County Jail, where he remained in defendant Johnny Philpot's custody, awaiting his state trial, until October 2003. When Mr. Barrett was booked into the Sequoyah County Jail in September 1999, two bullets remained in his body, in his hip and knee. The bullet in his knee was removed in November 1999. Defendants report that as of March 5, 2008, however, the other bullet was still in his hip.

Mr. Barrett mailed his original civil rights complaint on August 1, 2005, and it was filed on August 9, 2005, nearly six years after his arrest. *See* R., Doc. 1, at 1, 5. In that initial complaint, which was never served, Mr. Barrett named only two defendants—Johnny Philpot, the Sheriff of Sequoyah County, and Travis Gabbert, a jailor at the Sequoyah County Jail. *See id.* at 1-2. The district court granted Mr. Barrett leave to proceed in forma pauperis (ifp), *id.*, Doc. 4, and then entered a Minute Order directing Mr. Barrett to file an amended complaint on the proper form, *id.*, Doc. 5.

Mr. Barrett mailed his first amended complaint on October 13, 2005, and it was filed on October 20, 2005. *Id.*, Doc. 6, at 1, 5. Although he included the

same claims as before, he named only Johnny Philpot as a defendant. *Id.* at 1-2. Defendant Johnny Philpot was served and filed an answer. In August 2006, the district court entered a minute order denying Mr. Barrett's two motions asking the court to stay the suit and direct defendant Johnny Philpot to prepare a *Martinez*[1] report. *Id.*, Doc. 38. Proceedings continued.

Mr. Barrett mailed his second amended complaint on September 5, 2006, and it was filed on September 11, 2006, more than a year after he had filed his original complaint. *See id.*, Doc. 43, at 1, 28. Mr. Barrett again named Johnny Philpot and Travis Gabbert as defendants, but he also added several new defendants—Gary Philpot, the Chief of Police of the City of Sallisaw; the Sequoyah County Jail; Michael Hendricks and Shane McHale, both jailors at the Sequoyah County Jail; and John Hamilton and John Doe #1, Oklahoma Highway Patrol Officers. *Id.* at 1. Because Mr. Barrett had been granted ifp status, the magistrate judge promptly entered a minute order directing the clerk of the court to issue summonses for the named defendants and deliver them to the U.S. Marshal for service. *Id.*, Doc. 46. No summons was issued for either Sequoyah County Jail or John Doe #1. *See generally id.*, Docs. 46, 48-52. The summonses for defendants Michael Hendricks and Gary Philpot were returned unexecuted on October 13, 2006. *Id.*, Docs. 57, 58. The other defendants were served.

---

[1]     *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) (en banc) (per curiam).

On May 11, 2007, the district court entered an order granting Officer Hamilton's motion to dismiss because the claims against him did not relate back to Mr. Barrett's original complaint, and they were therefore barred by Oklahoma's two-year statute of limitations. *Id.*, Doc. 77, at 4-5. The court rejected Mr. Barrett's argument that he was entitled to equitable tolling because he had not established that he was denied access to a law library, as he asserted, and because his lack of legal knowledge, by itself, is not grounds for equitable tolling. *Id.* at 3-4. The court also stated that Mr. Barrett "failed to establish that it was his lack of legal knowledge which caused an untimely petition to be filed." *Id.* at 4. The district court denied Mr. Barrett's two subsequent motions for appointment of counsel in orders filed on November 26, 2007, and January 8, 2008. *Id.*, Docs. 102, 109.

On November 6, 2007, the district court entered a minute order directing Mr. Barrett to serve any parties not already served within thirty days. *Id.*, Doc. 99. On September 23, 2008, more than two years after Mr. Barrett filed his second amended complaint, the district court entered a minute order directing Mr. Barrett to show cause why defendants John Doe, Michael Hendricks, Gary Philpot, and Sequoyah County Jail should not be dismissed for his failure to timely serve them. *Id.*, Doc. 144. Mr. Barrett filed a response, making an argument with respect to defendants Gary Philpot and Michael Hendricks only. *Id.*, Doc. 147, at 1, 5. He argued that because he had been granted leave to

proceed ifp, he was responsible only for providing the district court with the information he had to identify and serve the defendants, and it was the district court's responsibility under Fed. R. Civ. P. 4(c)(3) to direct the U.S. Marshal to serve the summonses on these defendants and to ask the Marshal about his reasonable efforts to serve them when the summonses were returned unexecuted. *See generally* R., Doc. 147. The district court dismissed these four defendants in a minute order entered on November 18, 2008, without expressly considering Mr. Barrett's argument for good cause. *Id.*, Doc. 148.

The district court then considered the motion for summary judgment filed by the remaining three defendants—Johnny Philpot, Travis Gabbert, and Shane McHale. *Id.*, Doc. 130. In an order filed on January 29, 2009, the court rejected Mr. Barrett's argument that he was entitled to equitable tolling to excuse his delay in filing his second amended complaint, *id.*, Doc. 160, at 16-17, and held that all but one of Mr. Barrett's numerous claims were barred by the applicable two-year statute of limitations, *id.* at 4-17. In the same order, the court determined that there was no merit to Mr. Barrett's remaining claim, which involved an allegation that defendant Johnny Philpot violated Mr. Barrett's rights under the Eighth Amendment by failing to grant him outdoor exercise privileges during two months of his pretrial detention in 2003. *Id.* at 17-18.

The district court promptly entered judgment, and Mr. Barrett filed this appeal. Defendants Johnny Philpot, Travis Gabbert, and Shane McHale filed their

bill of costs on February 13, 2009. *Id.*, Doc. 166. Mr. Barrett timely mailed his objections on February 18, 2009, *id.*, Doc. 171, at 4, and the clerk entered an order taxing costs against Mr. Barrett in favor of defendants on March 4, 2009, *id.*, Doc. 173.

## II.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We also review dismissals under Fed. R. Civ. P. 12(b)(6) de novo. *Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008). "[O]ur review of a dismissal for untimely service is for an abuse of discretion[.]" *FDIC v. Oaklawn Apts.*, 959 F.2d 170, 173 (10th Cir. 1992). Under an abuse of discretion standard, we will not reverse unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Walker v. UPS, Inc.*, 240 F.3d 1268, 1272 (10th Cir. 2001) (quotation omitted).

Mr. Barrett's arguments on appeal lack clarity. Nevertheless, we construe his briefs liberally and "have tried to discern the kernel of the issues [ ]he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). We have deciphered his issues as best we can. In issues 1-4 and 7, Mr. Barrett argues that the district court erred in granting summary judgment to defendants Johnny Philpot, Travis Gabbert, and Shane McHale. Mr. Barrett contends that the district court erroneously held that his second amended complaint did not supersede his original complaint, that all but one of the claims stated in his second amended complaint did not relate back to the date of filing of his original complaint, that he had not shown extraordinary circumstances warranting equitable tolling of his claims that did not relate back, and that all but one of his claims were therefore barred by Oklahoma's two-year statute of limitations. Mr. Barrett also contends that the district court erred in rejecting his remaining claim on the merits by improperly making credibility determinations in favor of defendants. Mr. Barrett also asserts that the district court abused its discretion by denying his requests for a *Martinez* report without stating any reasons for the denial, and by denying him permission to file a surreply in opposition to the motion for summary judgment because defendants made new arguments in their reply. In his other issues, Mr. Barrett argues that: (5) the district court erred in holding that the "continuing violations" doctrine did not apply to his claims against Johnny Philpot for denying his request to have the bullet surgically

-8-

removed from his hip, for denying him exercise, and for denying him access to legal materials or someone trained in the law; (6) the district court abused its discretion in denying his two motions for appointment of counsel without stating any reasons based on the applicable legal standards; (8) the district court erred in dismissing the unserved defendants John Doe, Michael Hendricks, and Gary Philpot without analysis; (9) the district court's order taxing costs in favor of defendants Johnny Philpot, Travis Gabbert, and Shane McHale should be set aside on remand; and (10) he has met his heavy burden of demonstrating that the district court was biased against him and should be recused on remand.

### III.

We discuss Mr. Barrett's issues in the order we find convenient. We first note that Mr. Barrett has made no argument that the district court improperly dismissed his claims against Officer Hamilton, and that dismissal is affirmed without discussion.

Mr. Barrett's sixth issue asserting that the district court abused its discretion in denying his two motions for appointment of counsel without stating any reasons based on the applicable legal standards is without merit. The district court denied Mr. Barrett's first request for appointment of counsel in a minute order that gave no reasons. *See* R., Doc. 102. But any uncertainty about the court's reasoning was settled when the court denied Mr. Barrett's renewed request

in an opinion and order which summarized the court's reasons for denying appointed counsel. *See id.*, Doc. 109. Mr. Barrett has not challenged the court's reasoning, and the orders denying appointment of counsel are therefore affirmed.

We conclude that there is some merit to Mr. Barrett's eighth issue asserting that the district court erred in dismissing the unserved defendants John Doe, Michael Hendricks, and Gary Philpot in a minute order that provided no analysis. At the outset, we note that Mr. Barrett has made no argument in his opening brief on appeal with respect to defendant Sequoyah County Jail, and when he responded to the district court's show cause order, he made no arguments related to either defendant Sequoyah County Jail or defendant John Doe. *See* R., Doc. 147, at 1, 5. Any arguments as to those defendants are therefore waived, *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 978 n.2 (10th Cir. 2008), and the dismissal of those defendants is affirmed.

As for defendants Michael Hendricks and Gary Philpot, we conclude that the district court abused its discretion by dismissing these two defendants in a minute order that provided no explanation. Under Fed. R. Civ. P. 4(m), "'[i]f good cause [for improper service] is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.'" *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008) (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)). "Indeed,

-10-

a court must expressly consider a plaintiff's argument regarding good cause, because '[w]ithout anything in the record to indicate how the district court made its determination with respect to the good cause exception . . . appellate review is impossible.'" *Id.* (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1459 (10th Cir. 1995)). The district court rejected Mr. Barrett's argument for good cause without explanation and without making any inquiry of the U.S. Marshal to find out why defendants Gary Philpot and Michael Hendricks were not served. We hold that the district court abused its discretion in dismissing defendants Michael Hendricks and Gary Philpot for Mr. Barrett's failure to timely serve them without making an inquiry of the U.S. Marshal and providing a reason for its decision. We remand the case for further proceedings with respect to these two defendants.

Most of Mr. Barrett's remaining arguments, issues 1-5 and 7, concern the district court's grant of summary judgment in favor of the remaining three defendants, Johnny Philpot, Travis Gabbert, and Shane McHale. We reject Mr. Barrett's arguments and affirm the grant of summary judgment for the reasons stated by the district court in its January 29, 2009, order. *See* R., Doc. 160. The district court carefully reviewed the claims stated in Mr. Barrett's second amended complaint and explained why most of them were time-barred, why Mr. Barrett was not entitled to equitable tolling to excuse his delay, and why the continuing violations doctrine did not apply to toll the statute of limitations on

-11-

some of his claims. *See id.* at 1-17. The district court also clearly explained why defendant Johnny Philpot was entitled to summary judgment on the sole claim that was not time-barred. *See id.* at 17-18. We find no error in the district court's explanations.

We also reject Mr. Barrett's argument that the district court abused its discretion in denying his two requests for a *Martinez* report to be filed without stating any reasons for the denials. We have never held that a plaintiff may make a motion for a district court to direct a defendant to file a *Martinez* report, so it was unnecessary for the district court to give a reason for the denials. Nor are we persuaded that the district court abused its discretion in denying Mr. Barrett leave to file a surreply. Mr. Barrett also challenges the award of costs, but we lack jurisdiction over that order. Although Mr. Barrett timely filed objections to defendants' bill of costs, R., Doc. 171, he did not file an amended notice of appeal after the clerk entered the order awarding costs on March 4, 2009. Because Mr. Barrett did not file a timely notice of appeal from that order, we lack jurisdiction to review it. *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1356 & n.5 (10th Cir. 1985).

Finally, we reject Mr. Barrett's cursory argument that he has established the district court's bias and prejudice against him because of the district court's use of minute orders and alleged erroneous assessment of the facts, and defendants' alleged successful resistance to Mr. Barrett's discovery requests.

"Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). Mr. Barrett does not explain how defendants' actions in discovery impugn the district court's impartiality.

The judgment of the district court is AFFIRMED in part and REVERSED in part, and the case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge
