FILED
United States Court of Appeals
Tenth Circuit

January 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRANS-EXCHANGE CORPORATION;
M & M INVESTORS,

        Plaintiffs–Appellants,

v.

THE WORLD'S LARGEST PEARL
COMPANY, INC.; VICTOR BARBISH,

        Defendants–Appellees.

------------------------------

JOSEPH BONICELLI; PETER D.
HOFFMAN; THOMAS PHILLIPS;
JERRY HAAG; MRS. DELL GRAVES,

        Intervenors.

No. 11-1154

(D.C. No. 1:86-CV-00064-CMA)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This is an appeal from the district court's denial of Plaintiffs' Federal Rules of Civil Procedure Rule 60(b) motion for relief from an order partially granting a motion to revive an earlier judgment. At stake is an interest in the sale proceeds of the largest pearl in the world—the Pearl of Allah. We affirm the district court's denial of the Rule 60(b) motion.

Litigation surrounding this pearl has been ongoing for over twenty-five years. In 1985, the Central District of California entered a judgment in favor of Plaintiffs that precluded Defendants from removing the pearl from the California court's jurisdiction. In 1986, after finding that the pearl was apparently in Colorado, the California district court ordered the United States Marshals to seize the pearl and deposit it into the registry of the United States Court for the District of Colorado. Thereafter, the California district court certified the California judgment for registration in the district of Colorado, and the Colorado district court incorporated the California judgment and retained jurisdiction of the pending enforcement of the California judgment.

After various third parties intervened in the Colorado case, the district court presided over additional litigation regarding ownership interests in the pearl and encouraged all parties involved to resolve the matter. In 1989, the Colorado district court issued a final order that adopted the parties' submitted stipulation regarding the pearl and various ownership and priority rights in it, including Plaintiffs' revised interest. Almost twenty years later, since the pearl had still not been sold and therefore the judgments not been enforced, Plaintiffs submitted a motion to revive the earlier judgment pursuant to

Colorado Rules of Civil Procedure Rule 54(h). The district court granted Appellant's motion as to the Colorado intervenors only. The district court held that because this final judgment had been entered in 1985, the California parties were precluded from reviving the California judgment because revival motions are subject to a twenty-year limitation under Rule 54(h).

Plaintiffs did not file an appeal of the district court's revival motion. Almost one year later, Plaintiffs filed a motion for relief from that same order pursuant to Federal Rules of Civil Procedure Rule 60(b)(3) and (b)(6), arguing that Defendants had misrepresented to the district court that the Colorado judgment was simply a registration action. Plaintiffs essentially argued, as they argue here, that the California judgment was incorporated into the Colorado judgment, and that the rights and obligations of the California parties were relitigated and modified in the 1989 Colorado judgment. Plaintiffs therefore argued that any revival of the Colorado judgment should include a revival of their claims. The district court denied their motion, holding that it had not relied on Defendants' alleged misrepresentation in its order partially granting the motion to revive.

We review a district court's denial of a motion for relief under Rule 60(b) for an abuse of discretion; we only grant such relief in exceptional circumstances. *ClearOne Commc'ns v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).

Rule 60(b)(3) offers relief from a judgment based on fraud, misrepresentation, or other misconduct by the adverse parties. A party requesting such relief must establish the "alleged misconduct by clear and convincing evidence," which is done by showing that the opposing party "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (internal quotations omitted).

Rule 60(b)(6) offers relief for "any other reason that justifies relief." "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotations, citations, and ellipses omitted). Additionally, a party "cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial." *Id.*

While Plaintiffs may make a plausible argument that any revival of the Colorado judgment should also have revived their interests and claims, because their interests in the pearl were relitigated and indeed modified in the Colorado judgment, Plaintiffs' brief contains no argument relating to Rule 60(b) and the standards for relief under that rule. Plaintiffs simply argue the merits of the underlying judgment, ignoring the fact that an appeal from the denial of Rule 60(b) relief "does not bring up the underlying judgment for review." *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1357 (10th Cir. 1985) (quoting *Browder v. Director, Dep't of Corr. of* Ill., 434 U.S. 257, 263 n.7 (1978)).

-4-

Furthermore, "issues designated for review are lost if they are not actually argued in the party's brief." *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992).

In this appeal, Plaintiffs are "simply attempting to use Rule 60(b) as a substitute for a timely appeal on the merits[,] and that is not permitted." *United States v. 31.63 Acres of Land*, 840 F.2d 760, 762 (10th Cir. 1988). Any arguments they might have made regarding their entitlement to relief under Rule 60(b) have been waived by their failure to raise them on appeal. Since they appeal from the denial of their Rule 60(b) motion and have waived any arguments regarding that issue, we **AFFIRM** the district court's ruling.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge