21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert FRITCHEY, Maria Fritchey, Plaintiffs-Appellants,
v.
DENVER POLICE DEPARTMENT, named: Denver Police and
Sheriff's Department, Defendant-Appellee.
 No. 93-1451.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 KELLY
 
 1
 Mr. and Mrs. Fritchey appeal from the sua sponte dismissal of their pro se, class action civil rights complaint for injunctive and monetary relief against the Denver Police Department in connection with the arrest of Mr. Fritchey. They allege that the police used improper tactics in questioning them and arresting Mr. Fritchey. They seek injunctive relief against alleged ongoing harassment. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) because the Fritcheys failed to allege a custom or policy of unconstitutional acts necessary for municipal liability. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694-95 (1978). The district court also dismissed for the failure to name a proper party defendant, reasoning that the Denver Police Department is not an entity amenable to suit under 1983, at least independent of the City and County of Denver.
 
 
 2
 We review the district court's dismissal of the complaint de novo, construing the allegations of this pro se complaint liberally, as true, and in the light most favorable to the plaintiffs. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Dismissal of the complaint is appropriate only where it is clear that plaintiffs can prove no set of facts which would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 47-48 (1957). Although noting that the preferred practice would be to allow plaintiffs notice and an opportunity to amend, we have still approved sua sponte dismissal in the absence of such steps when it is apparent that the opportunity to amend would be futile. McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991).
 
 
 3
 Applying those principles to this case, it appears that the complaint could be amended easily to substitute a party-defendant amenable to suit, namely the City and County of Denver. However, we are in agreement with the district court that the Fritcheys have failed to allege a custom or policy of police harassment, or any facts supporting an inference of one, essential for municipal liability. On appeal, Mr. Fritchey answers this contention as follows: "Last year an unarmed man was shot in the back by 2 police officers, one whose last name was Chavez. People are complaining everyday about police harassment. There is some kind of pattern which exist[s]." Aplt. Br. (A-12) at 3. Taking the facts plead in the complaint, as well as these dissimilar allegations, as true, the Fritcheys have not alleged an unconstitutional policy attributable to a municipal policymaker, sufficient to progress past the pleading stage. See Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion) (single incident of unconstitutional activity not sufficient for municipal liability unless incident includes proof that it was caused by existing unconstitutional policy attributable to municipal policymaker).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument