42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leroy Walter BAKER, Plaintiff-Appellant,
v.
COLORADO SPRINGS POLICE DEPARTMENT and Colorado Springs
Sheriff's Department, Defendants-Appellees.
 No. 94-1133.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Baker appeals the dismissal of his action brought under 42 U.S.C.1983, 1985, 1986, and 1988 against the Colorado Springs Police Department and the Colorado Springs Sheriff's Department. Mr. Baker's complaint alleges numerous violations of his constitutional and statutory rights. He claims that an officer of the Colorado Springs Police Department arrested and searched him without probable cause; that the conditions of Mr. Baker's pretrial detention in the El Paso County Jail violated the Eighth and Fourteenth Amendments; that the El Paso County Jail, in contravention of Mr. Baker's rights to freedom of expression, free exercise, and equal protection, unreasonably prohibited Mr. Baker from wearing a turban as a testament to his Moslem faith; that the procedures employed by the El Paso County Jail to convict Mr. Baker of a prison disciplinary infraction violated the Due Process Clause of the Fourteenth Amendment; and that he was denied reasonable access to a law library.
 
 
 3
 The district court observed numerous flaws in Mr. Baker's complaint. The most significant such deficiency was Mr. Baker's choice of defendants. The court, citing Martinez v. Winner, 771 F.2d 425, 444 (10th Cir.1985), found that neither of the two named defendants--each of which was merely a subunit of city or county government--was susceptible to suit as a governmental entity. The court therefore dismissed the action for failure to name a proper defendant.
 
 
 4
 We agree that Mr. Baker may not directly sue either the Colorado Springs Police Department or the Colorado Springs Sheriff's Department. Thus, this suit was properly dismissed. We AFFIRM the judgment of the district court.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470