PUBLISH

**UNITED STATES COURT OF APPEALS**

Filed 6/18/96

**FOR THE TENTH CIRCUIT**

─────────────────────────

| | | |
|---|---|---|
| ROBERT L. CARPENTER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 96-1047 |
| | ) | (D.C. No. 95-S-2762) |
| JAY F. WILLIAMS, PHYLLIS HUDSON, John | ) | (D. Colorado) |
| Does 1 through 100; DEFENSE FINANCE AND | ) | |
| ACCOUNTING SERVICE, Cleveland Center, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

─────────────────────────

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 95-S-2762)**

─────────────────────────

Robert L. Carpenter, Rohnert Park, California, pro se.

Henry L. Solano, United States Attorney, and Robert D. Clark, Assistant United States Attorney, Denver, Colorado, representing Defendants-Appellees.

─────────────────────────

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

─────────────────────────

**BRORBY**, Circuit Judge.

─────────────────────────

Plaintiff Robert L. Carpenter, proceeding pro se and *in forma pauperis*, appeals the district court's dismissal of his civil rights complaint. The district court entered its dismissal order on January 4, 1996. On January 26, 1996, Mr. Carpenter filed a document which the district court

construed as a motion for reconsideration. Because the document was filed more than ten days after the entry of the dismissal order, it is properly viewed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) rather than a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). The district court denied the motion on January 29, 1996. Because Mr. Carpenter did not file his Rule 60(b) motion within ten days after the district court dismissed his complaint, the time for filing notice of appeal was not tolled pending the district court's disposition of his Rule 60(b) motion. Fed. R. App. P. 4(a)(4)(F). Mr. Carpenter filed this notice of appeal on January 30, 1996.[1]

In *Van Skiver*, we held that if the appellant filed notice of appeal more than thirty days after the district court entered its final decision, but less than thirty days after the district entered its order denying the appellant's Rule 60(b) motion, and the Rule 60(b) motion was filed more than ten days after the district court entered its final decision, we will not review the district court's final decision, but only the order denying the Rule 60(b) motion. *Van Skiver*, 952 F.2d at 1243; *see also Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1439 (10th Cir. 1990); *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988); *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1356 & n.5 (10th Cir. 1985); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 223-24 & n.8 (10th Cir. 1979) (stating general rule but noting denial of Rule 60(b)(4) motion asserting underlying judgment is void necessarily requires the court of appeals to review the validity of the underlying

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

judgment). The importance of the *Van Skiver* rule is obvious: among other things, it prevents appellants from circumventing Fed. R. App. P. 4(a) and extending the thirty-day period for filing notice of appeal by filing a Rule 60(b) motion after the ten-day period specified in Fed. R. App. P. 4(a)(4)(F) has expired. In this case, however, Mr. Carpenter filed his notice of appeal *within* thirty days after the district court entered its dismissal order. Accordingly, *Van Skiver* is distinguishable, and we will review the district court's dismissal order, and not merely the order denying Mr. Carpenter's Rule 60(b) motion.

Having reviewed the district court's order, we find no fault with its conclusion Mr. Carpenter's complaint fell well short of the requirements of Fed. R. Civ. P. 8(a)(1) (pleading shall include "a short and plain statement of the grounds upon which the court's jurisdiction depends") and Fed. R. Civ. P. 8(a)(2) (pleading shall include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Even liberally construed, Mr. Carpenter's complaint, like his opening brief on appeal, is incomprehensible.

**AFFIRMED.**