**Tommie WHAYNE, Plaintiff**

v.

**STATE OF KANSAS, et al., Defendants.**

**No. 96–4190–SAC.**

United States District Court,
D. Kansas.

Sept. 25, 1997.

Tommie Dorsey Whane, Topeka, KS, pro se.

Christopher F. Burger, Office of Attorney General, Topeka, KS, for Defendant Carla J. Stovall, State of Kansas, William Carpenter, Prosecuting Dist. Atty.

Sandra L. Jacquot, Richard V. Eckert, Office of the County Counselor, Shawnee County, Topeka, KS, for Defendant Shawnee County Sheriffs Dept.

Melanie D. Caro, Office of U.S. Atty., Kansas City, KS, for Defendant U.S. Marshal's Office.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This civil rights case comes before the court on the joint motion to dismiss (Dk.8) filed by the defendants the State of Kansas, the Honorable William R. Carpenter, "Shawnee County Judges," and "Shawnee County Prosecuting Attorneys;" a motion to dismiss (Dk.11) filed by the defendant Shawnee County Sheriff's Department; a motion to dismiss (Dk.20) filed by the United States of America on behalf of its agency, the United States Marshal's Service; the plaintiff's "motion to retax the cost of this case . . . and motion to strike or cancel all of Magistrate Newman's orders . . . in this case" (Dk.22); the plaintiff's motion to review and for oral argument (Dk.23); the plaintiff's motion for leave to file attachments (Dk.28); and the plaintiff's motion to amend "petitions" (Dk.29).

**NATURE OF ACTION**

The plaintiff appears pro se in bringing this action. The plaintiff's complaint is vague and difficult to comprehend. After several readings of the complaint, the court gleans the following to be the plaintiff's central allegations.

The plaintiff first alleges the facts surrounding a "drug bust"[1] at his rental home on July 3, 1991, when officers found growing marijuana plants.[2] The plaintiff alleges that deputies with the Shawnee County Sheriff's Department arrested him on October 21, 1991, based on the evidence found during the earlier "drug bust."

The plaintiff alleges that he was released after this first arrest in 1991. Accusing his wife and her family of conspiring to create grounds for a divorce, the plaintiff says he was arrested later in 1991 on "drug pushers" charges. The plaintiff alleges that officers seized property from his residence in execution of forfeiture laws. The plaintiff alleges he was detained on these charges and sent to Larned State Hospital for a mental evaluation. Told that he faced incarceration if he did not plead guilty, the plaintiff says he "finally went along with the probation." (Dk.1, p. 1b). The plaintiff complains that he asked his attorneys to appeal, but they advised that he could not appeal.

The plaintiff next alleges that as of October 19, 1992, he had performed his forty hours of community service required as a term of his probation. Having assumed that the time sheets for his service work were sent to his probation officer and that he had completed all other conditions of his probation, the plaintiff alleges that "he went on ... [with his] life" after first trying to contact his probation officer.

The plaintiff next alleges that on October 24, 1996, he was arrested by four men representing that they had a warrant for his arrest. At that time, the plaintiff says he did not believe there was a warrant for his arrest.[3] After telling the officers "don't touch me," the officers[4] used force in arresting and placing handcuffs on him and then moved

him to a room in the Marshal's office where his pockets were emptied and searched. The plaintiff alleges the arresting officers committed assault and battery.

According to the complaint, the arresting officers transferred the plaintiff to the custody of two officers of the Topeka Police Department and two deputies of the Shawnee County Sheriff's Department, who then transported him to the Shawnee County Jail. While at the jail, the plaintiff called his probation officer and asked how he could be arrested for a probation violation when he was no longer on probation. The plaintiff alleges that he was detained until midnight when he was released after posting "$28.00" in "bail" and signing a form on which he agreed to appear in court.

From these bare allegations of events, the plaintiff purports to assert a laundry list of "charges" or claims, which include:

"Racketeering Frauds"—(civil R.I.C.O.) violations, false arrest (3 times), under "false pretenses," exstortioni (sic), "illegal (forfeiture enforcement), theft, Double Jeopary (sic) (4 times), slander, defamation of Character," Scapegoating, false witnessing ..., false imprisonment (3 times), issueing (sic) "false writtings" (sic) or documents, (Malicious Discrimination and prejudices) Criminal damage to my "personal property," illegal searches amounting to "invasion of privacy," illegal harrasment (sic) and threat, violation of my "civil and Constitutional rights-(1st, 4th, 5th, 6th, 7th (mostly the 8th), 13th (mostly the 14th)), breach of contract, violation of the "Civil Rights Act of 1964 & 1968," Conspiracy to commit fraud against me purposely, Malicious prosecutions....

1. While he names the officers present during the "drug bust," the plaintiff does not name them individually as defendants. He refers to them generally as "police officers," and apparent members of the Topeka Police Department.

2. The plaintiff says the officers only found two "male" marijuana plants. The plaintiff opines that it is not illegal to possess "male" marijuana plants.

3. As he alleges, other officers had run a driver's license check on the plaintiff the week before and had found "no warrants" on him.

4. It is not clear whether these officers worked for the city, county, or federal government. From the context, one could assume that they were deputies with the United States Marshal's Service. The plaintiff complains that the deputies twisted his arm and placed him in a "head lock" during the arrest.

(Dk.1). As for relief, the plaintiff seeks only monetary damages, actual and punitive, totalling $2.5 million.

## PLAINTIFF'S MOTION TO REVIEW (Dks. 22 and 23).

█ The plaintiff has filed a "motion to retax the cost of this case ... and ... to strike or cancel all of Magistrate Newman's orders ... in this case" (Dk.22) and a motion to review and for oral argument (Dk.23). The court construes these two filings as seeking review of the magistrate judge's order granting the defendants' motion to stay discovery and the case pending determination of the defendants' motion to dismiss. (Dk.18).

The plaintiff's filing generally objects to the treatment he has received from the defendants and the judicial system. He advances no specific objections or arguments against the magistrate judge's order other than to deny that he has consented to the magistrate judge presiding over his case. The rules of this court, specifically D.Kan. Rule 72.1.2(b), do not require the parties' consent before assigning a case to the magistrate judge "for the conduct of a Fed. R.Civ.P. 16(b) scheduling conference, the issuance of a scheduling order, ..., and for the hearing and determination of all pretrial, procedural and discovery motions." The clerk's office properly referred the defendants' motion to stay discovery to the magistrate judge who was authorized by D.Kan. Rule 72.1.2(b) to decide the same. There being no serious challenge to the magistrate judge's authority or his exercise of it, the court summarily denies the plaintiff's motions to review.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE ATTACHMENTS (Dk.28) and PLAINTIFF'S MOTION TO AMEND "PETITIONS" (Dk.29).

█ In both motions, the plaintiff seeks relief based on the erroneous premise that the defendants are in default for not having filed an answer to his complaint. Rule 55 of the Federal Rules of Civil Procedure provides for entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the rules. A motion to dismiss is a proper defense pleading under Rule 12(b), and Rule 12(a)(4) further provides that the service of such a motion alters the period for answering. The period for filing an answer becomes ten days after notice of the court's order that denies the motion or postpones a decision until the trial. Fed.R.Civ.P. 12(a)(4)(A).

In this case, the record clearly reveals that the defendants State of Kansas, Hon. William R. Carpenter, "Shawnee County Judges," "Shawnee County Prosecutors," and Shawnee County Sheriff's Department filed their motions to dismiss within twenty days[5] of their receipt by certified mail of the summons and the plaintiff's complaint. As an agency of the United States, the United States Marshal's Service had sixty days to file an answer or Rule 12 motion. Fed. R.Civ.P. 12(a)(3). The record shows the United States of America on behalf of the United States Marshal's Service filed a motion to dismiss within the sixty-day period. Thus, there are no facts on which to seek default against these defendants.

█ As for the Topeka Police Department, it is only a subunit of city government and, therefore, is not a governmental entity subject to suit. *Baker v. Colorado Springs Police Department,* 42 F.3d 1406, 1994 WL 673070 (10th Cir.1994) (table); *Fritchey v. Denver Police Department,* 21 F.3d 1121, 1994 WL 142474 (10th Cir.1994); *cf. Hopkins v. State,* 237 Kan. 601, 606, 702 P.2d 311 (1985). The plaintiff has neither named nor served the proper defendant concerning the actions taken by officers of the Topeka Police Department.

Consequently, the plaintiff is not entitled to a default judgment for failure of the defendants to plead or otherwise defend against this action. Nor did the plaintiff follow the default judgment procedure required by Rule 55.[6] For all of these reasons, the court

---

**5.** Rule 12(a)(1)(A) provides the twenty-day period.

**6.** Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor. First, the party wishing to obtain a default judgment must apprise the court that the opposing

denies the plaintiff's related requests advanced in these motions.

## JOINT MOTION TO DISMISS (Dk.8).

This joint motion filed by the defendants the State of Kansas, the Honorable William R. Carpenter, "Shawnee County Judges," and "Shawnee County Prosecuting Attorneys" seeks dismissal on several alternative grounds. The defendants are entitled to dismissal on most of the grounds argued; some of which the court will briefly discuss now.

■ The court has no jurisdiction over the plaintiff's claims against the State of Kansas. The Eleventh Amendment confers sovereign immunity on the states that functions as "a constitutional limitation on the federal judicial power" of Article III courts. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). It affords absolute immunity from suit in federal courts for states and their agencies regardless of the legal or equitable nature of the relief sought. *Ramirez v. Oklahoma Dept. of Mental Health,* 41 F.3d 584, 588 (10th Cir.1994). There are, however, three circumstances when the Amendment does not deprive the Article III courts of jurisdiction: (1) Congress lawfully abrogates the states' Eleventh Amendment immunity; (2) a state expressly waives Eleventh Amendment immunity; and (3) the suit is an official capacity action against a state official to enjoin a non-discretionary violation of federal law. *DeYoung v. State of Kansas,* 890 F.Supp. 949, 952 (D.Kan.), *aff'd,* 69 F.3d 547 (10th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 1882, 135 L.Ed.2d 177 (1996). There is no factual or legal basis for finding [7] that any of the three exceptions applies here.

The court is without jurisdiction over the State of Kansas.

■ Just as the Topeka Police Department is not a governmental entity subject to suit, so the "Shawnee County Judges," and "Shawnee County Prosecuting Attorneys" are not recognized entities capable of being sued or suing. *See Mason v. Twenty–Sixth Judicial Dist. of Kansas,* 670 F.Supp. 1528, 1535 (D.Kan.1987) ("[I]n the absence of specific statutory authority granting the judiciary or the Judicial District of Kansas with the capacity to sue or be sued, it is not capable of being sued."); *Lindenman v. Umscheid,* 255 Kan. 610, 628, 875 P.2d 964 (1994) ("Subordinate government agencies, in the absence of statutory authorization, ordinarily do not have the capacity to sue or be sued." (citation omitted)). The plaintiff has not alleged the capacity of either entity to be sued for purposes of establishing this court's jurisdiction over them. *See* Fed.R.Civ.P. 9(a).

■ The defendants also contend that the plaintiff has not alleged a claim on which relief can be granted. Dismissal pursuant to Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

---

party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. Fed.R.Civ.P. 55(a); *see also Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981). Second, following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2); *see also Meehan,* 652 F.2d at 276. In this case, the plaintiff did not request that the clerk enter default against defendants under Rule 55(a).

**7.** Congress did not intend to abrogate Eleventh Amendment immunity when it enacted the civil rights statute of 42 U.S.C. § 1983. *Russ v. Up-*

*pah,* 972 F.2d 300, 303 (10th Cir.1992); *see Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979). "[N]either a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). There is nothing to indicate that the State has unmistakably waived its Eleventh Amendment immunity. Finally, the plaintiff has not alleged nor apparently intends to allege any action pursuant to *Ex parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908).

■ A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The court construes the allega-tions in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the … laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989).

■ Because the plaintiff appears pro se, the court must remain mindful of additional considerations. A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon,* 935 F.2d at 1110. Thus, if the pro se plaintiff's complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) (citation omitted). Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997).

■ The plaintiff's complaint is deficient in two serious respects. The complaint does not provide "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a)(1). It does nothing more than denominate by name the claims or "charges" against the different defendants. The complaint utterly fails to provide "a short and plain statement" showing that the plaintiff was entitled to relief under one or more of these claims. Fed.R.Civ.P. 8(a)(2); *see Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996). There are no allegations of fact to sustain the respective elements to each of the denominated claims. Specifically, there are no allegations of any involvement or participation by Judge Carpenter or the Shawnee County Judges. While the complaint refers to a "prosecution district attorney," there are no allegations of wrongdoing made against this attorney.

■ Even if the court were to allow the plaintiff an opportunity to amend his complaint to assert an action presumably based on these defendants' official roles in the different alleged events, the amendment would be futile. State prosecutors are entitled to qualified immunity for investigative functions, *Buckley v. Fitzsimmons,* 509 U.S. 259, 274, 113 S.Ct. 2606, 2616, 125 L.Ed.2d 209 (1993), and absolute immunity for activities "intimately associated with the judicial process," *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). It is well-established that judges are absolutely immune from civil damages liability for acts performed in their judicial capacities. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir.), *cert. denied,* 513 U.S. 832, 115 S.Ct. 107, 130 L.Ed.2d 55 (1994). The judges and prosecutors enjoy absolute immunity for their official roles in the proceedings of which the plaintiff complains.

## SHERIFF'S DEPARTMENT MOTION TO DISMISS (Dk.11).

■ This defendant is also entitled to dismissal for some of the same reasons stated above and for additional reasons argued in its motion to dismiss. "The sheriff's depart-

ment is merely an agency of the county, *Farris v. Board of County Comm'rs,* 924 F.Supp. 1041, 1045 (D.Kan.1996) (citing *Owens v. Rush,* 636 F.2d 283, 286 (10th Cir. 1980)), and is not itself capable of being sued." *Wright v. Wyandotte County Sheriff's Dept.,* 963 F.Supp. 1029, 1034 (D.Kan. 1997). There is no evidence of record showing that the plaintiff obtained effective service against the Sheriff's Department. Moreover, the events surrounding his arrest in 1991 are barred by the statute of limitations which expired on this action long ago. *Johnson v. Johnson County Com'n Bd.,* 925 F.2d 1299, 1300–01 (10th Cir.1991) ("[T]he appropriate statute of limitations for § 1983 actions arising in Kansas is two years."). As for his arrest in 1996, the plaintiff's complaint does not contain any plain statement showing a viable constitutional claim involving this defendant.

## U.S. MARSHAL'S SERVICE'S MOTION TO DISMISS (Dk.20).

The plaintiff alleges that following his arrest he was taken to the "marshall's dept." This is the only allegation that directly refers to this defendant. The plaintiff mentions the Federal Tort Claims Act ("FTCA") in his complaint. The defendant seeks dismissal alleging this court is without jurisdiction as the plaintiff has failed to exhaust his administrative remedies.

■ As for any common law tort claims against the defendant Marshal's Service based on the arrest, Whayne's exclusive remedy is under the FTCA. 28 U.S.C. 2679(b)(1); *Aviles v. Lutz,* 887 F.2d 1046, 1049 (10th Cir.1989). The plaintiff has not alleged nor shown that he has filed an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). The exhaustion of the administrative claim procedure is a jurisdictional prerequisite to a FTCA action. *Industrial Constructors Corp. v. United States Bureau of Reclamation,* 15 F.3d 963, 967 (10th Cir.1994); *Pipkin v. United States Postal Service,* 951 F.2d 272, 273 (10th Cir.1991). Because Whayne fails to allege or otherwise show that he filed an administrative tort claim which was denied, the court finds it has no jurisdiction of the plaintiff's

FTCA claim. *See Kendall v. Watkins,* 998 F.2d 848 (10th Cir.1993) ("[U]nless plaintiff first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have had jurisdiction over plaintiff's FTCA claims."), *cert. denied,* 510 U.S. 1120, 114 S.Ct. 1075, 127 L.Ed.2d 392 (1994).

■ .Alternatively, the plaintiff clearly has stated no claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The United States Marshal's Service is not a proper defendant in a *Bivens* action. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 1005–06, 127 L.Ed.2d 308 (1994); *Pleasant v. Lovell,* 876 F.2d 787, 793 (10th Cir.1989) (*Bivens* action is available only against federal agents sued in their individual capacities). In addition, liability in a *Bivens* action can only be predicated on actual and knowing participation in alleged unconstitutional conduct. *Kite v. Kelley,* 546 F.2d 334 (10th Cir.1976). The plaintiff's conclusory allegations are utterly lacking in any factual support and do not state a claim for violation of his constitutional rights. For all of these reasons, this defendant is also entitled to dismissal.

IT IS THEREFORE ORDERED that the plaintiff's "motion to retax the cost of this case ... and motion to strike or cancel all of Magistrate Newman's orders ... in this case" (Dk.22), the plaintiff's motion to review and for oral argument (Dk.23), the plaintiff's motion for leave to file attachments (Dk.28), and the plaintiff's motion to amend "petitions" (Dk.29) are denied;

IT IS FURTHER ORDERED that the joint motion to dismiss (Dk.8) filed by the defendants the State of Kansas, the Honorable William R. Carpenter, "Shawnee County Judges," and "Shawnee County Prosecuting Attorneys" is granted;

IT IS FURTHER ORDERED that the motion to dismiss (Dk.11) filed by the defendant Shawnee County Sheriff's Department is granted;

IT IS FURTHER ORDERED that the motion to dismiss (Dk.20) filed by the United

States of America on behalf of its agency, the United States Marshal's Service is granted;

IT IS FURTHER ORDERED that the defendant Topeka Police Department is dismissed as it is not a proper entity subject to suit.