**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

JERRY J. JENKINS,

     Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
SOCIAL SERVICES DIVISION OF
VOCATIONAL REHABILITATION,

     Defendant-Appellee.

No. 98-1469
(D. Colo.)
(D.Ct. No. 98-D-1867)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Jerry J. Jenkins appeals the district court's order dismissing her amended civil complaint, without prejudice, for failure to comply with the pleading requirements in Federal Rule of Civil Procedure 8(a). We affirm.

We review the district court's dismissal of a complaint under Rule 8(a) for abuse of discretion. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that Ms. Jenkins' civil complaint contain a short and plain statement of the claim showing she is entitled to relief. *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). Because Ms. Jenkins brings this action *pro se*, we construe all her pleadings liberally and to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Having reviewed the record with these standards in mind, we determine the pleadings filed in the district court and her brief on appeal plainly demonstrate that Ms. Jenkins fails to meet the pleading requirements of the Federal Rules of Civil and Appellate Procedure. Her documents consist of vague and conclusory allegations of incidents relating to physical and emotional injuries and alleged discrimination without sufficient identification of the responsible parties,

applicable legal theories, or facts surrounding each incident. From her pleadings, we are unable to discern the precise basis for her allegations or against whom she directs the charges of wrongdoing. Thus, her amended complaint fails to give the opposing party, the Colorado Department of Social Services, fair notice of the basis of the claim against it so that it may respond, or allow the court to conclude that the allegations, if proved, show she is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989), *cert. denied*, 495 U.S. 930 (1990). For these reasons, we agree with district court that her amended complaint, even when liberally construed, fails to meet the requirements of Rule 8(a).

Accordingly, we deny Ms. Jenkins' motion to proceed *in forma pauperis* and **AFFIRM** the order of the district court dismissing the amended complaint without prejudice.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-3-