**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

G.E. FARROW,

     Plaintiff-Appellant,

v.

ROBERT E. CONFER, and John Does
1-10,

     Defendants-Appellees.

No. 99-1281

(D.C. No. 99-K-801)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

     Plaintiff Geoffrey E. Farrow, proceeding pro se, is a citizen and resident of

New Zealand.  He sued Robert E. Confers and ten unnamed Defendants for

damages arising from an alleged investment swindle.  The district court dismissed

Farrow's complaint with prejudice for failure to comply with its order that Farrow

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and appellate record, the panel has
determined unanimously to honor the parties' request for a decision on the briefs
without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2).  This
case is therefore ordered submitted without oral argument.

file an amended complaint that satisfies Fed. R. Civ. P. 8(a). We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

Farrow alleges that in the late 1980's, he invested in securities of Recoil Systems Ltd., a hose reel manufacturer based in Boulder, Colorado, but has heard nothing from the company since. He was unable to take any action until 1997, when he left a New Zealand mental institution. Farrow filed a complaint on April 23, 1999, asserting jurisdiction under international law and the Federal Rules of Civil Procedure, claiming violations of the Securities and Exchange Act, 15 U.S.C. §§ 78a-78mm, and the Colorado Securities Act, Colo. Rev. Stat. §§ 11-51-101 to -908, and seeking damages from Defendant Confers and the unnamed directors of Recoil Systems. The district court ordered Farrow to file an amended complaint to comply with Fed. R. Civ. P. 8(a). Farrow filed another pleading and memorandum on May 10, alleging more facts regarding the alleged swindle and specifying the amount of damages at $5,000,000. The district court found that the pleadings were still deficient, but granted Farrow a one-month extension. Finally, Farrow filed another memorandum, but the district court found that Farrow's complaint and added documents did not satisfy the order to comply with Rule 8(a) and dismissed Farrow's case with prejudice.

We review dismissals under Rule 8(a) for abuse of discretion.    See Williams v. City of Colorado Springs    , 1999 WL 235930, at *1 (10th Cir. 1999)

(unpublished);  Atkins v. Northwest Airlines, Inc. , 967 F.2d 1197, 1203 (8th Cir. 1992).  Rule 8(a) requires that, in order to state a claim for relief, a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  A complaint is subject to dismissal under Rule 8(a) if it is "incomprehensible."  See Carpenter v. Williams , 86 F.3d 1015, 1016 (10th Cir. 1996).  A complaint may be dismissed with prejudice if allowing further amendments would be futile.  Cf. Grossman v. Novell, Inc. , 120 F.3d 1112, 1126 (10th Cir. 1997) (affirming a dismissal with prejudice after the denial of a motion for leave to amend the complaint under Fed. R. Civ. P. 15 because amendment would be futile).

The district court did not abuse its discretion in dismissing Farrow's complaint and other documents with prejudice because they do not comply with the requirements of Rule 8(a):  they fail to explain in comprehensible, meaningful terms the basis for the district court's jurisdiction, the basis of the claim, or the basis for granting relief.  Accordingly, the decision of the district court is

AFFIRMED.

Entered for the Court,
Bobby R. Baldock

Circuit Judge

-3-