**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

FELIX PAUL OLGUIN,

    Plaintiff-Appellant,

v.

EUGENE ATHERTON,

    Defendant-Appellee.

No. 99-1417
(D. Colo.)
(D.Ct. No. 99-Z-903)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Felix Paul Olguin, an inmate appearing *pro se*, appeals the

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision dismissing his civil 42 U.S.C. § 1983 complaint, without prejudice, for failure to comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. We affirm.

Mr. Olguin initiated his civil action with a letter apparently intended to serve as a complaint. Finding the "complaint" deficient, the magistrate judge issued an order directing Mr. Olguin to cure enumerated deficiencies, and furnished Mr. Olguin two copies of the court-approved form for filing a prisoner's civil rights complaint. Mr. Olguin failed to file the court-approved form, and instead "bombarded" the district court with "various barely intelligible papers." In response, the magistrate judge issued an August 5, 1999 order directing Mr. Olguin to submit the court-approved form within thirty days and to comply with Fed. R. Civ. P. 8.

Thereafter, Mr. Olguin inundated the district court with a 114-page amended "Prisoner's Civil Rights Complaint" and sixty-four other documents, most of which Mr. Olguin described as exhibits and which contained some combination of motions, affidavits or other papers. After reviewing these documents, the district court ascertained Mr. Olguin's complaint did not contain a short and plain statement of his claims showing entitlement to relief. Rather, the

district court concluded the complaint consisted of "a rambling compilation of allegations about how [Mr. Olguin] allegedly is being denied access to the courts." Despite the incoherent nature of Mr. Olguin's pleadings, the district court ascertained Mr. Olguin was claiming denial of access to the courts because prison officials failed to "help him research or frame the medical treatment claims ...; help him complete the Court-approved form for filing a Prisoner's Civil Rights Complaint," photocopy his exhibits, or provide him with "pens, mailing envelopes, and sufficient white paper."[1] The district court determined Mr. Olguin's other civil rights claims similarly consisted of unintelligible complaints of a cell shakedown, denial of adequate outdoor sunlight, confiscated legal papers, and requirement he keep his extra legal papers in storage. The district court concluded Mr. Olguin's amended complaint placed an unreasonable burden on the court and prison officials to identify, interpret and respond to his claims. For that reason, the district court dismissed Mr. Olguin's amended complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a).

On appeal, Mr. Olguin sets forth his civil rights claim in one sentence,

---

[1] In an apparent effort to prove he lacked an operable pen, Mr. Olguin attached damaged pens to two of his pleadings and commenced filing his litany of pleadings in charcoal pencil and thick, colored pencils in shades of purple, brown and orange.

stating "he was unlawfull [sic] denied access to [the] courts and medical treatment." Although Mr. Olguin never identifies his alleged illness, he contends he is in "acute pain[]" requiring "immediate attention," and that the ten-year delay in acknowledging the illness aggravated his condition and caused him "great pain, discomfort, and threat to [his] good health." He also states:

> [H]ere, the Plaintiff nor the defend[a]nts gave [him] any injections of painkillers of medicate [sic] to help ease his pain, and there is nothing he could do to stop his advancing illness and imminent death.

In addition, Mr. Olguin suggests his *pro se* complaint cannot be dismissed and in support, commits four of twenty-one-pages of his appeal brief to a discussion of *Haines v. Kerner*, 404 U.S. 519 (1972), which stands for the proposition that a *pro se* litigant's pleading must be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. He also (1) complains prison officials failed to respond to his discovery requests, (2) seeks appointment of counsel, and (3) contends he "ran out of ink pens and color penciles [sic] so he cannot finish his opening brief." Mr. Olguin has also submitted for our disposition a motion for appointment of counsel, affidavit in support of that motion, a motion to present oral argument, and a pleading entitled "Judgment and Argument."

The decision to dismiss an action without prejudice for failure to comply with Fed. R. Civ. P. 8 is within the sound discretion of the district court, and we review the court's decision for an abuse of discretion. *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993), *cert. denied*, 511 U.S. 1034 (1994); *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In order to state a claim for relief, Rule 8(a) requires Mr. Olguin's complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). Although we construe Mr. Olguin's *pro se* pleadings liberally, he must follow the rules of federal and appellate procedure, *see Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995), and his complaint is subject to dismissal under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996).

Applying these principles, we have reviewed the original "complaint," amended complaints, and other pleadings Mr. Olguin filed in his § 1983 action. Our review shows Mr. Olguin's pleadings contain a plethora of incomprehensible, conclusory allegations arising out of a disjointed and unsupported presentation of

alleged facts. From Mr. Olguin's pleadings, we are unable to identify with certainty what, if any, actions or omissions prison officials committed that caused the unidentified medical malady of which he complains. Similarly, none of his other allegations identify a policy or custom of the prison or its officials which caused him any constitutional deprivation. Despite the sheer volume of Mr. Olguin's pleadings, they nevertheless fail to give the prison officials fair notice of the basis of his claim against them so they may respond, or allow this court to conclude the allegations, if proven, show he is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989), *cert. denied*, 495 U.S. 930 (1990). For these reasons, we conclude the district court did not abuse its discretion in dismissing Mr. Olguin's § 1983 complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a).

For the same reasons, we decline to address Mr. Olguin's contention prison officials declined to respond to his discovery requests, reject his request for oral argument, and find the arguments contained in his pleading entitled "Judgment and Alignment" unpersuasive. With regard to Mr. Olguin's statement he ran out of ink pens and colored pencils to finish his opening brief, he nevertheless provided over twenty pages for our consideration. Given the inadequacy of both

Mr. Olguin's appeal brief and his other voluminous pleadings to sufficiently allege any constitutional deprivation, we conclude the lack of additional briefing in this case did not prejudice his appeal.

As to Mr. Olguin's request for appointment of counsel, we have held "the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988) (quotation marks and citation omitted). We have applied this holding to prisoners bringing § 1983 actions. *See Bishop v. Romer*, 1999 WL 46688, at*3 (10th Cir. Feb. 3, 1999) (unpublished opinion), *cert. denied*, 527 U.S. 1008 and 120 S. Ct. 115 (1999). *See also Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (determining "[a] civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel.").

For these reasons, we deny Mr. Olguin's motions for appointment of counsel and to present oral argument, and **AFFIRM** the district court's decision dismissing

Mr. Olguin's § 1983 complaint.  We remind Mr. Olguin of his obligation to continue to make partial payments until his appeal costs and fees are paid in full.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge