**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KAREN WILLIAMSON,

      Plaintiff-Appellant,

v.

OWNERS RESORT & EXCHANGE;
JIM JEWEKES; COLLEEN
FREEMAN; ANIE LNU; SALLY
DUNCAN; ANGIE WILLIAMS;
JUDY ANGHELL; BETTY
CRAWFORD; MICHELE WARD;
ANNIE TRACY; JOSEPH HATCH;
BRAD GILLIES; BEAR LAKE
CONDOMINIUMS; BEAR LAKE
HOMEOWNERS ASSOCIATION;
PRESTON PROPERTIES
TIMESHARE TRAVEL
ASSOCIATION,

      Defendants-Appellees.

No. 03-4066
(D.C. No. 2:98-CV-904-TS)
(D. Utah)

---

ORDER AND JUDGMENT   *

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Karen Williamson, appearing pro se, appeals from the district court's order dismissing her complaint with prejudice for her repeated failure to attend pretrial hearings, and to comply with the court's orders and the federal rules of civil procedure. We affirm.

Plaintiff filed a complaint in December 1998, against Owners' Resorts & Exchange, Inc. (ORE), numerous ORE employees, and other defendants. It appears from the original complaint, which can fairly be described as incomprehensible, that plaintiff is complaining about the foreclosure of her timeshare property for failure to make payments. Because the complaint is replete with incomplete and unintelligible sentences, it is not possible to determine with any certainty the nature of plaintiff's allegations or claims. Though plaintiff listed dozens of federal statutes in the complaint, she does not explain how any of the listed statutes were allegedly violated, which defendants allegedly violated which statutes, or how any of the defendants allegedly harmed her.

The ORE defendants filed a motion for more definite statement; two defendants (the defaulting defendants) failed to enter an appearance. The district

court granted the motion for more definite statement, ruling that the complaint did not provide sufficient detail to put the defendants on notice of the claims against them. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (complaint must provide 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest.") (quoting Fed. R. Civ. P. 8(a)(2)). The district court ordered plaintiff to file an amended complaint in compliance with Fed. R. Civ. P. 8(a) within thirty days, which would have been March 22, 2001. The district court explained the requirements of Rule 8(a) to plaintiff, and, because it appeared plaintiff was attempting to allege fraud claims, the court also explained the requirements of Fed. R. Civ. P. 9(b), which requires that fraud claims be pled with particularity.

Plaintiff failed to file an amended complaint by the deadline. Instead, she filed a motion for an extension of time " to [r]espond to [d]efendants inability to understand their own illegal dba in yet another simple statement." R. Vol. I , Doc. 39, at 1. She also filed a motion to enter default judgment against the defaulting defendants.

The district court ordered plaintiff to show cause why her complaint should not be dismissed for failure to prosecute based on her failure to file a timely amended complaint. Plaintiff filed an unintelligible pleading entitled as a response to the motion for more definite statement. Six months later, the district

court ordered the defaulting defendants to show cause why default judgment should not be entered against them, and set a hearing date. Neither plaintiff nor the defaulting defendants appeared at this hearing. Six months later, the district court gave plaintiff one additional month to file an amended complaint, giving a deadline of May 16, 2002. On May 21, 2002, plaintiff filed a fifty-six-page pleading, construed as an amended complaint, but did not serve it upon the defendants. Aplee. Supp. App. at 38-93.

This amended complaint is in large part confusing and incomprehensible because of its lack of complete sentences, lucidity, or specificity. Plaintiff again asserted violations of numerous federal statutes and constitutional provisions, but still failed to allege with any clarity what conduct by which defendants violated which federal statutes.

The district court ordered plaintiff to serve the defendants within ten days and set a hearing date for a scheduling conference. Plaintiff failed to attend the scheduling conference. She did file a motion for sanctions and for entry of default judgment against the defaulting defendants. The district court denied the former and set a hearing date on the latter. The district court ruled that it was not possible to determine the relief sought against the defaulting defendants and ordered a hearing pursuant to Fed. R. Civ. P. 55(b)(2) to determine the amount of damages and the truth of any averment in the amended complaint. Further,

because of plaintiff's failure to appear at two pretrial hearings, the court ordered a status conference be held at the same hearing. The district court recited plaintiff's repeated failures to comply with court rules and orders and warned plaintiff that failure to appear at this hearing would be grounds for dismissal of her complaint without further warning.

Plaintiff did not appear at the hearing. The district court dismissed the complaint with prejudice based on plaintiff's failure to appear at pretrial hearings and her non-compliance with the federal rules of civil procedure and court orders. The district court considered and addressed the factors required to be considered before choosing the sanction of dismissal: (1) the amount of actual prejudice to the opposing party, (2) the amount of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff filed a motion for reconsideration, which was denied.

On appeal, plaintiff challenges the dismissal. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *see also* Fed. R. Civ. P. 41(b) (stating that district court may dismiss an action with prejudice if the plaintiff fails "to

prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court."). We review the district court's dismissal of plaintiff's suit under Rule 41(b) for abuse of discretion. *See Mobley v. McCormick*, 40 F.3d 337, 340 & n.1 (10th Cir. 1994).

We have reviewed plaintiff's brief on appeal and the entire record before the district court. We agree with the district court, for the reasons stated in its order, that plaintiff's repeated failure to attend any pretrial hearings or conferences prejudiced the defendants and substantially interfered with the judicial process; that she is entirely culpable for her repeated failures to make herself available to the court; that she received adequate warning that dismissal was a likely sanction for her continued failure to appear; and that no lesser sanction would have been effective because, despite the court's prior efforts, plaintiff "continue[d] to file incomprehensible pleadings and refuse[d] to make herself available for hearings necessary to advance this case." Aplee. Supp. App. at 102. Contrary to her apparent claim, the record demonstrates that plaintiff had adequate notice of all of the hearings. Though she now claims to have been unable to afford the expense of traveling to the hearings, the record does not demonstrate that she ever raised this argument before the district court or offered to make herself available by telephone.

This is not a case in which the plaintiff only failed to appear at a single pretrial hearing. *See Meeker v. Rizley*, 324 F.2d 269, 271-72 (10th Cir. 1963) (reversing dismissal where plaintiff's only infraction was failure to appear at one pretrial hearing). Rather, plaintiff repeatedly failed to appear at all of the pretrial hearings, which interfered with the court's ability to resolve outstanding motions and to manage its case load, wasted judicial resources, and caused unnecessary expense to the ORE defendants. *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) (finding interference with judicial process where plaintiffs "repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party."). Although plaintiff is a pro se litigant, she "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

We further conclude that, even liberally construed, both the original and amended complaint in this case are nearly incomprehensible. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). Although a pro se litigant's filings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), they are still subject to the federal rules of civil and appellate procedure, *see Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). When a complaint is

incomprehensible and does not provide a "short and plain" statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims under Rule 8(a)(2), dismissal is proper where, as here, the district court has given the plaintiff leave to amend and the successive pleading remains "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Carpenter*, 86 F.3d at 1016.

Plaintiff's motions to proceed without prepayment of costs or fees and to file a supplemental appendix are GRANTED. For substantially the reasons stated by the district court in its order dated January 17, 2003, the judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge